**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LUIZ F. KUMPEL,

                              Plaintiff,

-vs-                                                    Case No.  6:07-cv-128-Orl-19KRS

M/I HOMES OF ORLANDO, LLC.,

                              Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT (Doc. No. 23)** |
| **FILED:** | **June 7, 2007** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       This case was brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201, *et seq.*

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh

Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages, or when the district court enters

a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

       On July 13, 2007, I held a hearing to consider the fairness of the settlement.  At the hearing,

Plaintiff Kumpel's counsel explained that after reviewing the verified summary of hours worked filed

by the defendant, Kumpel determined that his interrogatories overstated the amount of overtime he had

worked and, accordingly, he reduced his demand.  While the defendant argued that Kumpel's FLSA

claim was barred by the statute of limitations, under the settlement agreement, Kumpel will receive the full amount he is arguably entitled to receive under the FLSA.  Accordingly, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1354.

However, paragraph 10 of the settlement agreement contains a confidentiality agreement that should not be approved by the Court.  In order for the settlement agreement to be approved, it was necessarily filed in the public record in this case.  As such, the settlement agreement is no longer confidential.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, doc. no. 26-2, except for the confidentiality provision in paragraph 10, and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 13, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy